JOHN E. KRAFT, Respondent, *v.* THE FREEMAN PRINTING AND PUBLISHING ASSOCIATION, Appellant.

At the request of F., defendant's president, who was its general manager and financial agent, and in the frequent habit of borrowing money on its account, plaintiff raised moneys on his own credit which he delivered to F. as a loan to the corporation. In an action to recover for the moneys so loaned *held,* that in the absence of evidence tending to show, or an offer to show, that plaintiff acted in bad faith, or had knowledge or information that F. did not intend to use the money in the business of the corporation, an offer to show that said money was not so used was properly excluded.

Also *held,* that it was immaterial whether plaintiff had paid the persons of whom he borrowed the moneys, or whether he had any property ; that if he should never pay, and be absolutely unable to pay, this did not affect defendant's indebtedness to him.

Defendant also offered to show that no resolution was passed by its board of trustees, authorizing F. to borrow money ; also that some of its trustees did not know of his making the loans in question. *Held,* that the evidence was properly excluded.

(Submitted October 21, 1881 ; decided December 13, 1881.)

THIS action was brought against the defendant, a corporation doing business in this State, to recover of it the sum of $2,175, which the plaintiff alleges in his complaint he loaned to the defendant at different times.

During the times named in the complaint one Fowks was the president of the defendant and the general manager of all its business. He had the general, if not the exclusive, control of its finances, and was in the frequent habit of borrowing money for it to be used in its business. The plaintiff gave uncontradicted evidence showing that about the first of June, 1876, Fowks came to him and stated that the company was in financial embarrassment and in great need of money in its business, and requested him to borrow money from his friends upon his notes, for the use of the company, he promising to pay the money thus borrowed to the plaintiff as the notes fell due. In pursuance of this arrangement, the plaintiff claimed, and gave evidence tending to show, that he borrowed the money alleged in the complaint upon his own credit, and delivered it to Fowks to be used in the business of the company.

The further material facts, together with the holdings, appear in the following extracts from the opinion:

"These facts established the alleged loans by the plaintiff to the defendant. Fowks was authorized to borrow, and did borrow, of him the money thus procured by the plaintiff. It is wholly immaterial that the plaintiff has not paid the persons who loaned him the money. If he should never pay them, and be absolutely unable to pay them, yet the defendant would still owe him.

Unless, therefore, some error was committed by the referee upon the trial, in his rulings upon questions of evidence, we can see no reason for reversing the judgment.

Upon the trial the defendant offered to prove 'that the money which the plaintiff claims to have lent to Mr. Fowks was not paid by him into the association, nor used for the payment of the debts of the association or its liabilities,' and the evidence was excluded. We are of the opinion that the ruling was right. There was no evidence tending to show, or offered to show, that the plaintiff acted in bad faith in his transactions with Fowks, or that he had any information or knowledge that he was not using, or did not intend to use, the money borrowed in the business of the company. The proof, therefore, was wholly irrelevant, and could have no legitimate bearing upon the issues litigated. It is undisputed that the money claimed in the complaint was obtained of him by Fowks for the defendant, and what Fowks subsequently did with it without his knowledge could not in any way affect his rights. It could not affect the plaintiff if Fowks, as the defendant also offered to prove, subsequently claimed and was allowed credit for this money in his account with the company. The defendant also offered to show upon the trial that no resolution was ever passed by the board of trustees of the defendant authorizing Fowks to borrow money, and also that some of the trustees did not know that he borrowed this money for it, and the evidence was excluded. We think no error was committed by such exclusion. The proof showed that he was the general manager and financial agent of the corporation; that he had been in the frequent habit of borrowing money for it, and that there was in the books of the company a "borrowed

money account," in which money borrowed by him was entered. The heading of the account was "Borrowed money account with H. Fowks." The defendant did not offer to prove that Fowks was not in the general habit of borrowing money for it, or that there was any actual limitation upon his power to borrow money, or that the plaintiff had any knowledge that he was unauthorized to borrow. Under such circumstances the proof offered was wholly irrelevant, and could not have been received to defeat plaintiff's claims or affect his rights.

The defendant also offered to prove upon the trial that at the times mentioned in the complaint the plaintiff had no property, and the evidence was excluded, and we think properly. Even if he had no property his credit may nevertheless have been good. If the lenders knew the facts, they may have relied upon the expectation that the plaintiff would again get the money from the defendant, with which he could then pay them. For the reasons which appear in the evidence, they may not have been very solicitous about repayment to them; but they took plaintiff's obligations for the money loaned to him, and, as far as appears in the evidence, those obligations are still held against him. It is impossible to perceive how the fact offered could have any proper bearing upon the issues on trial.

*S. L. Stebbins* for appellant.

*Lounsbury & Childs* for respondent.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.